# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Eugene Laron Johnson, | Civ. No. 22-494 (ECT/BRT) |
| Plaintiff, | |
| v. | **ORDER** |
| Ramsey County ADC; Officer 2369; and Sgt. Sean Delrosario, | |
| Defendants. | |

Plaintiff Eugene Laron Johnson commenced this action on February 25, 2022, by filing a *pro se* Complaint under 42 U.S.C. § 1983, alleging excessive force and other claims relating to an alleged assault by correctional officers. (Doc. No. 1.) Plaintiff subsequently filed an Amended Complaint on April 11, 2022, with another document labeled "Facts." (Doc. Nos. 10, 11.) On April 19, 2022, the Court granted Plaintiff's application to proceed *in forma pauperis*, acknowledged Plaintiff's Amended Complaint as the operative pleading, and ordered Plaintiff to submit a properly completed Marshal Service Form (Form USM-285) for each Defendant. (Doc. No. 12.) Plaintiff has now filed several requests and a motion for the Court to appoint him counsel. The Court addresses these below.

### Discovery request (Doc. No. 15)

On April 25, 2022, Plaintiff filed a discovery request addressed to the Clerk of Court, requesting the Clerk to seize all video surveillance from body cameras worn by

Defendants. (Doc. No. 15.) Plaintiff must direct his discovery requests to Defendants in accordance with Federal Rule of Civil Procedure 26. In addition, Plaintiff's request at this juncture is premature, as Defendants have not yet been served with Plaintiff's Amended Complaint and therefore have not yet responded to the pleading. On April 19, 2022, the Court ordered Plaintiff to submit properly completed Marshal Service Forms for each Defendant. (Doc. No. 12.) These must be completed and returned before service can be completed. Therefore, Plaintiff's request (Doc. No. 15) is **DENIED**.

**Letter requesting permission to amend (Doc. No. 16)**

On April 25, 2022, Plaintiff filed a letter requesting permission to amend and for a copy of a Civil Litigation Guide Book. (Doc. No. 16.) The Court has already informed Plaintiff that, should he "again amend his complaint, he must file a motion requesting to do so along with a copy of the proposed amended complaint, which must be complete in itself — that is, the proposed amended complaint must include every factual allegation and every legal claim that [Plaintiff] hopes to put forward in this litigation." (Doc. No. 12 at n.1.) Accordingly, if Plaintiff wishes to amend his Amended Complaint, Plaintiff must comply with Local Rule 15.1 (governing motions to amend pleadings) by filing a motion that includes a copy of the new proposed pleading and a version of the proposed amended pleading that shows—through redlining, underlining, strikeouts, or other similarly effective typographic methods—how the proposed amended pleading differs from Plaintiff's Amended Complaint. Only if the Court grants this motion may Plaintiff file and serve a second amended complaint. As for Plaintiff's request for a Civil Litigation Guide Book, the Court notes that the Clerk of Court responded to Plaintiff's request and

mailed a Civil Litigation Guide Book on April 29, 2022. (Doc. No. 17.) Accordingly, Plaintiff's letter is **DENIED**. The portion of Plaintiff's request seeking permission to amend is **DENIED WITHOUT PREJUDICE**; Plaintiff may file a motion to amend in accordance with Local Rule 15.1. The portion of Plaintiff's request for a Civil Litigation Guide Book is **DENIED** as moot, as the Clerk of Court has already addressed Plaintiff's request.

### Motion to appoint counsel (Doc. No. 18)

On April 27, 2022, Plaintiff filed a motion asking the Court to appoint him counsel. Plaintiff is currently an inmate at the Minnesota Correctional Facility in St. Cloud, MN. Plaintiff requests that the Court appoint him counsel to assist him in litigating his claims, noting that he needs assistance in amending his Complaint. Pro se litigants do not have a constitutional or statutory right to counsel in civil cases. *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). Rather, the appointment of counsel is a matter of the court's discretion. *Mosby v. Mabry*, 697 F.2d 213, 214 (8th Cir. 1982); *see also* 28 U.S.C. § 1915(e)(1) (stating that the court may "request an attorney to represent any person unable to afford counsel"). The Court does not find that this case warrants the appointment of counsel. Thus, Plaintiff's motion to appoint counsel is **DENIED**.

**SO ORDERED.**

Dated: May 4, 2022

*s/ Becky R. Thorson*
BECKY R. THORSON
United States Magistrate Judge