# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Eugene Laron Johnson,

          Plaintiff,

v.

Ramsey County ADC; Officer 2369; and
Sgt. Sean Delrosario,

          Defendants.

Civ. No. 22-494 (ECT/BRT)

**ORDER**

This case is before the Court on Plaintiff Eugene Laron Johnson's motion to amend. (Doc. No. 50.) As background, on August 4, 2022, Plaintiff filed an "Amended Complaint" without filing a motion to amend. (Doc. No. 48.) On August 8, 2022, citing the Court's Pretrial Scheduling Order, the Court entered an order striking Plaintiff's "Amended Complaint" because a motion, seeking leave to amend, was required. (Doc. No. 49.) Except where amendment is permitted as a matter of course, under Federal Rule of Civil Procedure 15, "a party may amend its pleading only with the opposing party's written consent or the court's leave [and] [t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

After this Court issued its August 8, 2022 Order, on August 17, 2022, Plaintiff filed a motion to amend. (Doc. No. 50.) But Plaintiff did not include a copy of a proposed amended complaint with his motion or other supportive papers as required pursuant to District of Minnesota Local Rule 15.1. *See* D. Minn. LR 15.1(b) (stating that

any motion to amend a pleading must be accompanied by a copy of the proposed amended pleading). This Court construed Plaintiff's motion liberally as intending to use the stricken "Amended Complaint" at Docket Number 48 as his proposed amended complaint. (Doc. No. 51.) The Court's Order dated August 19, 2022, reflected this construction and set a briefing schedule. (*Id.*)

However, before Defendants responded, Plaintiff mailed a letter to the Clerk of Court, dated August 31, 2022, stating the following:

> I write you this letter today after my amended complaint was stricken. I did not know what stricken meant. Since my amended complaint was strickened [sic] I do not wish that it be used because I made mistakes that I would like to correct such as sueing [sic] the defendants in both of their capacities.

(Doc. No. 53.) Plaintiff's letter was received by the Court on September 6, 2022. (*Id.*) On September 9, 2022, Defendants filed a response to Plaintiff's Motion to Amend:

> By letter received by the Court on September 6, Plaintiff informed the Court that "[s]ince my amended complaint was strickened [sic] I do not wish that it be used because I made a mistakes that I would like to correct such as sueing [sic] the defendants in both of their capacities." (Doc. No. 53). Because Plaintiff withdrew his request to the Court to file a second amended complaint, the matter is moot. Defendants respectfully submit that this Court should consider Plaintiff's motion to amend withdrawn and that it need not evaluate the motion further, in accordance with Plaintiff's request to the Court.

(Doc. No. 54 at 2.) This Court agrees with Defendants that Plaintiff has now withdrawn what the Court had liberally construed to be Plaintiff's proposed amended complaint in connection with his motion. Accordingly, without a proposed amended pleading that the Defendants can respond to, Plaintiff's August 17, 2022 motion to amend is incomplete.

2

Thus, Plaintiff's motion must be denied. However, as explained below, the Court denies Plaintiff's motion without prejudice.

Further, given what appears to be confusion over "what stricken meant," the Court will give Plaintiff one final opportunity to file a new *motion* to amend no later than **October 7, 2022**, that includes a new *proposed* amended complaint.[1] Plaintiff's proposed amended complaint must be complete.[2] *See* D. Minn. LR 15.1(a) ("Unless the court orders otherwise, any amended pleading must be complete in itself and must not incorporate by reference any prior pleading."). If Plaintiff's motion to amend is filed, and the Defendants do not consent to the filing of an amended complaint, the Court will, in its discretion, decide whether to grant Plaintiff leave to amend. *See Niagara of Wis. Paper Corp. v. Paper Indus. Union-Mgmt. Pension Fund*, 800 F.2d 742, 749 (8th Cir. 1986) ("The decision as to whether to grant leave to amend is entrusted to the sound discretion

---

[1] Plaintiff filed his August 31, 2022, letter before the September 12, 2022, deadline for filing motions to amend the pleadings that was set forth in the Pretrial Scheduling Order. For good cause, the Court will extend the Pretrial Scheduling Order's deadline for Plaintiff's motion to amend to October 7, 2022. Plaintiff, who is pro se, has shown diligence in attempting to meet the pretrial scheduling order by filing his August 31, 2022 letter ahead of the September 12, 2022 pleading deadline *See Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir. 2008) ("The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements.") (quotations and citation omitted).

[2] Plaintiff states in his August 31, 2022 letter that he would like to correct certain aspects of his earlier proposed amended complaint, such as adding allegations against Defendants in their official capacities as well as their individual capacities. (*See* Doc. No. 48 at 3.) Any corrections Plaintiff wishes to make must be timely included in any new proposed amended complaint.

3

of the district court."). If Plaintiff seeks to amend his current Complaint[3] in this action, Plaintiff's motion must comply with the Federal Rules of Civil Procedure and the Local Rules of this Court. As stated above, any amended pleading must be complete in itself and must not incorporate by reference any prior pleading. *See* D. Minn. LR 15.1(a).

In sum, Plaintiff's motion to amend (Doc. No. 50) is denied without prejudice and Plaintiff has until **October 7, 2022,** to file another motion along with a proposed amended complaint, after which Defendants may file their response within **14 days** of receiving Plaintiff's motion.

### ORDER

Based on files, records, and submissions herein, and for the reasons stated above, **IT IS HEREBY ORDERED** that:

1. Plaintiff's motion to amend (Doc. No. 50) is **DENIED** without prejudice;

2. The Pretrial Scheduling Order's September 12, 2022 deadline for filing a motion to amend the pleadings is extended until **October 7, 2022**;

3. Plaintiff may file a motion to amend by **October 7, 2022**, which must include a copy of his proposed amended pleading;

4. Defendants may file their response within **14 days** of receiving Plaintiff's motion; and

---

[3] The Court previously construed Plaintiff's Complaint as Plaintiff's "Amended Complaint" (Doc. No. 10) and the document labeled "Facts" (Doc. No. 11). (*See* Doc. No. 12 at n.1.) No other documents are regarded as part of the current operative pleading. (*Id.*)

5. If Defendants oppose any motion to amend on the grounds of futility, Plaintiff may file a reply within **14 days** after receiving Defendants' opposition.

Dated: September 19, 2022                              *s/ Becky R. Thorson*
                                                       BECKY R. THORSON
                                                       United States Magistrate Judge