**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Eugene Laron Johnson,                                Case No. 22-cv-494 (ECT/JFD)

           Plaintiff,

v.                                                                **ORDER**

Ramsey County ADC; Officer 2369; and Sgt.
Sean Delrosario,

           Defendants.

This matter is before the Court on Plaintiff Eugene Laron Johnson's Motion to

Amend Complaint (Dkt. No. 58). The motion is granted in part and denied in part.

I.       **Background**

Plaintiff Eugene Laron Johnson is suing the Ramsey County Adult Detention Center

("ADC"), "Officer 2369," and Sergeant Sean Delrosario for assault, discrimination,

excessive use of force, cruel and unusual punishment, and intentional infliction of

emotional distress. (Am. Compl., Dkt. No. 10; "Facts," Dkt. No. 11.)[1] The claims arise

from an incident that occurred at the Ramsey County ADC on February 12, 2022. Mr.

Johnson alleges that he was physically assaulted by Sergeant Delrosario and an officer

wearing Badge #2369 during a search of Mr. Johnson's cell and person. (Am. Compl. at

1.)

---

[1] The Magistrate Judge previously assigned to this case designated the Amended Complaint
(Dkt. No. 10) and "Facts" (Dkt. No. 11) together as the operative pleading. (Order at 1 n.1,
Apr. 19, 2022, Dkt. No. 12.)

Through Mr. Johnson's motion for leave to amend the complaint, he seeks to (1) add as Defendants Thaddeus Lockett, "Shaun Del Rosario," "Unknown Supervisors," "Property Officers," "Mental Health Worker Kris," and "Health Services Staff";[2] (2) add claims for assault in the third degree, negligent training and supervision, "terroristic threats," "mental medical malpractice," medical malpractice, obstruction of justice, mail tampering, mail theft, unreasonable search and seizure of legal mail in violation of the Fourth Amendment, and "hate crime"; and (3) bring all claims against Defendants in their individual, as well as their official, capacities. (Proposed Second Am. Compl. at 1, 3, 4, Dkt. No. 60.) The proposed new Defendants and claims relate to the incident on February 12, 2022; medical treatment Mr. Johnson received on February 25, 2022; and the alleged loss or destruction of Mr. Johnson's legal mail and documents in April 2022. Defendants Ramsey County ADC, Officer 2369, and Sergeant Delrosario oppose the motion on the basis of futility, except the new Fourth Amendment claim, which they do not oppose. (Dkt. No. 64.)

## II.     Relevant Legal Standards

Federal Rule of Civil Procedure 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." The right to amend is not absolute, however. *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 715 (8th Cir. 2008). Leave to

---

[2] Defendants with similar names were added to the caption of the docket when Mr. Johnson filed an unauthorized amended complaint on August 4, 2022. (*See* Dkt. No. 48.) Although that pleading was later stricken (Dkt. No. 49), the Defendants were not terminated. Below, the Court will authorize the Clerk of Court to correct the docket caption.

amend may be denied for "compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment." *Id.* (citing *Moses.com Sec., Inc. v. Comprehensive Software Sys., Inc.*, 406 F.3d 1052, 1065 (8th Cir. 2005)).

A proposed amendment to a complaint is futile if "the amended complaint could not withstand a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Cornelia I. Crowell GST Trust v. Possis Med., Inc.*, 519 F.3d 778, 782 (8th Cir. 2008). Rule 12(b)(6) requires dismissal when a complaint fails "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plaintiff need not plead "detailed factual allegations," but mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. For a claim to be facially plausible, the plaintiff must allege "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In applying this standard, the Court accepts the factual allegations as true and views them most favorably to the plaintiff. *Hager v. Ark. Dep't of Health*, 735 F.3d 1009, 1013 (8th Cir. 2013).

## III.   Discussion

### A.   Proposed Claims that Seek to Enforce Criminal Laws

Mr. Johnson's proposed claims for "hate crime," obstruction of justice, terroristic threats, third-degree assault, mail tampering, and mail theft are futile because they seek to enforce federal or state criminal laws. Private citizens such as Mr. Johnson "do not have standing to enforce criminal statutes or have them enforced." *Kunzer v. Magill*, 667 F.

Supp. 2d 1058, 1061 (D. Minn. 2009). Under Minnesota law, assault in the third degree is a criminal offense. *See* Minn. Stat. § 609.223. There is no private right of action for a claim of assault in the third degree. Therefore, Mr. Johnson's proposed third-degree assault claim is futile.[3]

The proposed second amended complaint does not identify the legal basis for Mr. Johnson's proposed "hate crime" claim. Defendants posit that the claim might be brought pursuant to Minn. Stat. § 609.2233, which increases the maximum penalty for felony assault motivated by bias, or 18 U.S.C. § 249, which penalizes hate crime acts as a federal criminal offense. Mr. Johnson does not argue otherwise in his motion or his reply memorandum. Because both Minn. Stat. § 609.2233 and 18 U.S.C. § 249 are criminal statutes, Mr. Johnson's proposed "hate crime" claim is futile.

Similarly, the proposed second amended complaint does not identify the legal basis for Mr. Johnson's proposed obstruction of justice claim. Defendants suggest that Minn. Stat. § 609.50 or 18 U.S.C. § 1503 ostensibly could provide the basis for the claim, and Plaintiff does not argue otherwise. Both of these statutes are criminal statutes. *See* Minn. Stat. § 609.50 (obstruction of legal process); 18 U.S.C. § 1503 (obstruction of the administration of justice). Consequently, Mr. Johnson's proposed obstruction of justice claim is futile.

---

[3] Defendants state they would not object to a claim for common law assault, but note that Mr. Johnson's First Amended Complaint already alleges three assault claims (which are also criminal in nature). They suggest that, to the extent the existing assault claims could be construed as common-law assault claims, an additional assault claim would be unnecessary and thus futile. The Court agrees.

Mr. Johnson's proposed terroristic threats claim is futile for the same reason. Mr. Johnson has not identified a legal basis for the claim or opposed Defendants' suggested authorities. *See* Minn. Stat. § 609.713, subd. 1 (penalizing threats of violence made with the intent to terrorize); 18 U.S.C. § 2332b(c)(1)(g) (penalizing acts of terrorism, including threats).

Finally, Mr. Johnson did not specify a legal basis for his mail tampering or mail theft claims. According to Defendants, mail tampering and theft are prohibited under federal criminal law. *See* 18 U.S.C. § 1708 (theft of mail); 18 U.S.C. § 1701 (obstruction of mail); 18 U.S.C. § 1702 (obstruction of correspondence). Mr. Johnson did not oppose this argument. The Court finds that the mail tampering and mail theft claims are futile, except for the proposed Fourth Amendment claim concerning the treatment of Mr. Johnson's legal mail, which Defendants do not oppose at this time.

## B.    Proposed Medical Malpractice Claims

Defendants contend that Mr. Johnson's proposed medical malpractice claims are futile because they fail to state a plausible claim for relief.

Mr. Johnson proposes to allege the following facts in support of his medical malpractice claims. On February 25, 2022, "Mental Health Worker Kris . . . refused to restart [Plaintiff's] medication despite signing a release of information to do so." (Proposed Second Am. Compl. at 3.) Mr. Johnson submitted seven mental health requests but met with Kris only once. (*Id.*) Health Services Staff did not schedule surgery for two inguinal hernias or provide follow-up care after transporting Mr. Johnson to Health Partners on March 3, 2022. (*Id.*)

Under Minnesota law, the elements of a claim for medical malpractice are: "(1) the standard of care recognized by the medical community as applicable to the particular defendant's conduct, (2) that the defendant in fact departed from that standard, and (3) that the defendant's departure from the standard was a direct cause of the patient's injuries." *MacRae v. Grp. Health Plan, Inc.*, 753 N.W.2d 711, 717 (Minn. 2008) (quoting *Plutshack v. Univ. of Minn. Hosps.*, 316 N.W.2d 1, 5 (Minn. 1982)) (cleaned up). The Court finds that the proposed second amended complaint does not allege a standard of care, facts establishing a departure from a standard of care, or resulting injuries. Consequently, Mr. Johnson's proposed medical malpractice claims are futile. *See Johnson v. MCF-St. Cloud*, No. 22-cv-1299 (JRT/BRT), 2022 WL 17723807, at *6 (D. Minn. Nov. 10, 2022) (finding that the plaintiff failed to plead a medical malpractice claim by not alleging a standard of care or facts establishing a departure from that standard), *R. & R. adopted*, 2022 WL 17721510 (D. Minn. Dec. 15, 2022).

### C.      Proposed Negligent Training and Supervision Claim

Defendants contend that Mr. Johnson's proposed negligent training and supervision claim is also futile. In support of this claim, Plaintiff proposes to allege that Unknown Supervisors failed to properly train and supervise Officer Lockett, failed to properly train and supervise Sergeant Del Rosario on using a Taser, and generally failed to properly train and supervise Defendants employed at the Ramsey County ADC. (Proposed Am. Compl. at 3.)

"Minnesota law does not recognize a cause of action for negligent training." *Johnson v. Peterson*, 734 N.W.2d 275, 277 (Minn. Ct. App. 2007). Mr. Johnson's proposed negligent training claim is therefore futile.

"Negligent-supervision claims are premised on an employer's duty to control employees and prevent them from intentionally or negligently inflicting personal injury." *Id.* The theory is "derive[d] from the *respondeat superior* doctrine." *Soto v. Shealey*, 331 F. Supp. 3d 879, 887 (D. Minn. 2018) (quoting *Cook v. Greyhound Lines, Inc.*, 847 F. Supp. 725, 732 (D. Minn. 1994)). A plaintiff must show that a supervisor "fail[ed] to 'exercise ordinary care to prevent [the] foreseeable misconduct of' its employee." *Id.* (quoting *Raleigh v. Indep. Sch. Dist. No. 625*, 275 N.W.2d 572, 576 (Minn. 1978)). Here, the proposed second amended complaint does not allege any facts about foreseeability or the failure to exercise ordinary care. Simply because Officer Lockett, Sergeant Del Rosario, and other ADC employees had supervisors does not, without more, subject the supervisors to *respondeat superior* liability.

Although Mr. Johnson's proposed claim is for "*Negligent* Training and Supervision" (Proposed Second Am. Compl. at 4) (emphasis added), the Court will also briefly consider the plausibility of a claim for inadequate training and supervision under 42 U.S.C. § 1983. To adequately plead a failure to train or supervise claim under § 1983, a plaintiff must allege that

> (1) the supervisor was on notice of a pattern of unconstitutional acts committed by subordinates; (2) the supervisor was deliberately indifferent to or tacitly authorized the pattern of unconstitutional acts; (3) the supervisor failed to take sufficient remedial action to address the pattern of

7

unconstitutional acts; and (4) the supervisor's failure to remedy the pattern
of unconstitutional acts proximately caused the plaintiff's injury.

*Cole v. Does*, 571 F. Supp. 3d 1033, 1044 (D. Minn. 2021) (quoting *Perkins v. Hastings*,

915 F.3d 512, 524 (8th Cir. 2019)) (quotation marks omitted). The proposed second

amended complaint contains no allegations concerning any of these elements. Thus, any

§ 1983 claim for failure to train or supervise would be futile.

### D.      Proposed New Defendants

Defendants do not specifically address the addition of Thaddeus Lockett, "Shaun

Del Rosario," "Unknown Supervisors," "Property Officers," "Mental Health Worker

Kris," and "Health Services Staff" as Defendants. The proposed second amended

complaint alleges that Officer 2369 was Thaddeus Lockett. (Proposed Second Am. Compl.

at 2.) Defendants have not argued otherwise, and their answer to the First Amended

Complaint is consistent with this clarification. (Answer ¶¶ 2, 4, Dkt. No. 36.) Therefore,

the Court will allow the amendment and direct the Clerk's Office to substitute Thaddeus

Lockett for Officer 2369 on the caption of the docket.[4]

The Court presumes that proposed new Defendant "Shaun Del Rosario" is the same

individual as original Defendant "Sean Delrosario." Defendants have not argued otherwise

or opposed this amendment. Thus, the Court will allow the amendment and will instruct

---

[4] Service of process on Officer 2369 in his official capacity was effected by the U.S.
Marshals Service on May 27, 2022. (Dkt. No. 26.) The Court will consider that service of
process effective on Officer Lockett. If Officer Lockett or any other Defendant disputes
the effectiveness of service of process on Officer Lockett, they must notify the Court in
writing within 14 days.

the Clerk's Office to change the spelling of this Defendant's name on the caption of the docket.

The Court will not grant Mr. Johnson leave to add "Unknown Supervisors," "Mental Health Worker Kris," or "Health Services Staff" as Defendants because the allegations against those individuals and entities relate to claims that are futile and for which leave to amend has been denied. The Court will grant leave to add "Property Officers" as Defendants, however, because the allegations against "Property Officers" form the basis of the new Fourth Amendment legal mail claim. The Court will order Mr. Johnson to submit a properly completed Marshal Service Form (Form USM-285) for "Property Officers" and will direct the U.S. Marshals Service to effect service of process on "Property Officers."

### E.    Individual Capacity Claims

The proposed second amended complaint alleges that "all defendants are being sued in their individual and official capacities." (Proposed Second Am. Compl. at 3.) By default, the original Complaint and First Amended Complaint brought only official capacity claims, because Mr. Johnson did not specify the capacity in which Defendants were being sued. *See Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619–20 (8th Cir. 1995) ("If a plaintiff's complaint is silent about the capacity in which she is suing the defendant, we interpret the complaint as including only official-capacity claims. . . . "[A] plaintiff's complaint [must] contain a clear statement of her wish to sue defendants in their personal capacities."). Defendants do not argue against the addition of individual capacity claims, and the Court will grant leave to amend such that Mr. Johnson's claims are brought against Defendants

9

in their individual and official capacities. For the individual Defendants, the Court will direct the Clerk of Court to seek waiver of service consistent with Rule 4(d) of the Federal Rules of Civil Procedure.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff Eugene Laron Johnson's Motion to Amend Complaint (Dkt. No. 58) is **GRANTED IN PART** and **DENIED IN PART**.

2. The operative complaint shall be the proposed second amended complaint (Dkt. No. 60). The Clerk's Office is directed to modify the docket entry for Dkt. No. 60 to "SECOND AMENDED COMPLAINT." However, the only new claims permitted by this Order are (1) individual capacity claims against all Defendants and (2) the new claim for unreasonable search and seizure of legal mail in violation of the Fourth Amendment.

3. In accordance with the caption of the Second Amended Complaint and this Order, the Clerk's Office shall revise the names of the following Defendants on the caption of the docket: "Officer Thaddeus Lockett" to "Thaddeus Lockett," "SGT Shaun Del Rosario" to "Shaun Del Rosario," and "Unknown Property Officers" to "Property Officers."

4. The Clerk's Office shall terminate as Defendants "Unknown Health Services Staff" and "Kris Mental Health Worker."

5. Mr. Johnson must submit a properly completed Marshal Service Form (Form USM-285) for "Property Officers."

a. The Clerk of Court will provide Form USM-285 to Mr. Johnson.

b. After the return of the completed Marshal Service Form for "Property Officers," the U.S. Marshals Service is directed to effect service of process on "Property Officers" consistent with Federal Rule of Civil Procedure 4(j).

c. After the return of the completed Marshal Service Form for "Property Officers," the Clerk of Court is directed to seek waiver of service from "Property Officers" consistent with Federal Rule of Civil Procedure 4(d).

6. The Clerk of Court is directed to seek waiver of service from Ramsey County ADC, Officer 2369 (Thaddeus Lockett), and Shaun Del Rosario (Sean Delrosario) consistent with Federal Rule of Civil Procedure 4(d), using the contact information previously provided. (*See* Dkt. Nos. 24–26.)

Dated: January 6, 2023                    *s/ John F. Docherty*
                                          JOHN F. DOCHERTY
                                          United States Magistrate Judge