UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Eugene Laron Johnson,<br><br>Plaintiff,<br><br>v.<br><br>Ramsey County ADC, Thaddeus Lockett, Shaun Del Rosario, and Property Officers,<br><br>Defendants. | Case No. 22-cv-0494 (JWB/DLM)<br><br>REPORT AND RECOMMENDATION |

Plaintiff Eugene Laron Johnson brings claims in this action for alleged violations of his constitutional rights under 42 U.S.C. § 1983. (Second Am. Compl., Doc. 60.) Presently before the Court is Plaintiff's failure to respond to Defendants' Motion for Summary Judgment (Doc. 94). For the reasons set forth below, the Court now recommends dismissal without prejudice for failure to prosecute.

## BACKGROUND

Plaintiff Eugene Laron Johnson filed this action on February 25, 2022 (Doc. 1), and the operative Second Amended Complaint ("SAC") on October 7, 2022 (Doc. 60). In his SAC, Mr. Johnson alleges that Defendants treated him unconstitutionally during the time that he was housed at the Ramsey County Adult Detention Center ("ADC") in Saint Paul, Minnesota. (*Id.* at 1–3.) Mr. Johnson brings 10 counts in his SAC, including claims that, among other things, Defendants have violated his Second, Third, Fourth, Fifth, and Eighth Amendment rights. (*Id.* at 4.)

On April 10, 2023, Defendants filed their Motion for Summary Judgment arguing that they are entitled to summary judgment on all of Plaintiff's claims. (Doc. 94 at 1.) Pursuant to the Court's Briefing Order issued on April 11, 2023, Plaintiff had until May 8, 2023, to file and serve a responsive memorandum of law and any affidavits or exhibits. (Doc. 107.) That same day, counsel for Defendants filed notice that "Mr. Johnson is no longer in the custody of the Minnesota Department of Corrections ("MNDOC") and is currently on release[,]" and that Mr. Johnson's address was unknown. (Doc. 109 at 1.)

On May 16, 2023, the Court issued a second Briefing Order noting that Mr. Johnson had not filed any response by his May 8, 2023 deadline, and taking notice of Defendants' letter notifying the Court that Mr. Johnson's address was unknown. (Doc. 112.) The Court sua sponte granted Mr. Johnson until May 29, 2023, to file his response "[i]n the interest of a just outcome on the merits to this action." (*Id.*) In its Order, the Court also cautioned Mr. Johnson that failure to comply with the Court's Order may result in a recommendation of dismissal of the action for failure to prosecute. (*Id.*) Plaintiff failed to file any response by the May 29, 2023 deadline. Additionally, a review of the MNDOC Offender Information available online states that Mr. Johnson's current status is "Wanted Fugitive as of 04/26/2023." *See* MNDOC, *Offender Search Criteria*, https://coms.doc.state.mn.us/PublicViewer/Home/Index (last accessed May 30, 2023).

Considering Mr. Johnson's fugitive status, and finding that the May 8 and 29 deadlines set by this Court have passed without any responsive filing to Defendants' Motion for Summary Judgment in compliance with the Court's Briefing Orders, this Court now recommends that Mr. Johnson's action be dismissed without prejudice under Federal

2

Rule of Civil Procedure 41(b) for failure to prosecute. *See, e.g.*, *Henderson v. Renaissance Grand Hotel*, 267 F. App'x 496, 497 (8th Cir. 2008) (per curiam) ("A district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order.") (citing Fed. R. Civ. P. 41(b)).

## RECOMMENDATION

Based upon the foregoing, and on the files, records, and proceedings, **IT IS RECOMMENDED** that this action be **DISMISSED WITHOUT PREJUDICE** under Federal Rule of Civil Procedure 41(b) for failure to prosecute.

Date: May 31, 2023

*s/Douglas L. Micko*
DOUGLAS L. MICKO
United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).